UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE AGUILAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No.:1:19-cv-10287 |
| INTERIOR TILE DESIGN LLC, | ) | |
| INTERIOR STONE, LLC, and | ) | |
| JOSEPH A. MCCARTHY, *individually.* | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

Jose Aguilar brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), Mass. General Laws c. 149, §§ 148, 150 (collectively, "Mass. Wage Act"), and Mass. General Laws c. 151, § 1 ("Mass. Overtime Statute").

The Plaintiff is a former employee of both Interior Stone, LLC and Interior Tile Design LLC  who regularly worked in excess of forty (40) hours per week, but, in blatant disregard for state and federal law, was not paid wages at an overtime premium.

**JURISDICTION AND VENUE**

1. This action arises under the laws of the United States, the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1331.

2. Venue is appropriate in the District of Massachusetts as all of the events and omissions giving rise to this claim occurred here.

**PARTIES**

3. Plaintiff Jose Aguilar ("Plaintiff" or "Aguilar") lives in Waltham, Massachusetts, and was an employee of the Defendants from at least May of 2016 through January 2019.

1

4. Defendant Interior Tile Design LLC, ("Interior Tile") is a Massachusetts limited liability company that employs workers in Massachusetts, and maintains an office for Massachusetts workers at 187 Lexington Street, Waltham Massachusetts.

5. Defendant Interior Stone LLC, ("Interior Stone") is a Massachusetts limited liability company that employs workers in Massachusetts, and maintains an office for Massachusetts workers at 187 Lexington Street, Waltham Massachusetts.

6. Defendant Joseph A. Mccarthy, ("Mccarthy")  is an individual residing in Waltham Massachusetts, at all times relevant was the sole Manager of Interior Stone, LLC, and is the individual in charge of all Defendants policy with regard to the payment of wages.

7. Defendants engaged in "interstate commerce" because, upon information and belief, they had combined annual gross sales of at least $500,000.00 for each of the previous three years and employ individuals engaged in interstate commerce.

## FACTS

8. Mccarthy, Interior Stone, and Interior Tile (collectively, "Defendants" or the "Company") hired the Plaintiff as an employee, and he worked for them from at least May of 2016 to January of 2019 (the "Relevant Employment Period").

9. The Defendants are in the business of private commercial and residential stone tile fabrication installation.

10. On its most recent annual report filed with the Secretary of the Commonwealth, Interior Stone lists the general character of its business as "Marble & Granite Fabrication and Install".

11. On its most recent annual report filed with the Secretary of the Commonwealth, Interior Tile lists the general character of its business as "Tile Retail Sales".

12. During his entire Relevant Employment Period, the Plaintiff performed the same work, as a laborer to support commercial and residential tile fabrication and installation; the Plaintiff never performed "retail sales".

13. The Defendants jointly agreed to pay the Plaintiff with wages on an hourly basis.

2

14. The Defendants jointly agreed to pay the Plaintiff with wages that fluctuated based on the number of hours he worked each week.

15. The Defendants agreed to pay the Plaintiff with wages by direct deposit on a weekly basis.

16. Each week, the Plaintiff received two (2) distinct pay statements, one from Interior Tile and one from Interior Stone.

17. Each week, the Plaintiff worked on jobs for the Defendants that required both union and non-union laborers.

18. The Defendants paid the Plaintiff two (2) separate hourly rates for the hours he spent as a union laborer, and the time he spent as a non-union laborer.

19. Interior Stone paid the Plaintiff for all the non-union labor her performed during a particular workweek.

20. Interior Tile paid the Plaintiff for all the work he performed during a particular workweek in his capacity as a union laborer

21. Regardless of whether the work was paid at a union, or non-union labor rate, the Plaintiff was not exempt from overtime pay per federal or state law.

22. The Plaintiff regularly worked in excess of forty (40) hours per week during the Relevant Employment Period.

23. During many workweeks, the Plaintiff was not furnished with an overtime premium at all, for example:

> a.      During the pay period of November 15, 2018 through November 21, 2018, the Plaintiff worked a total of 48.5 hours for the Defendants.
> b.      During this pay period, the Plaintiff was furnished with 27.5 hours of pay from Interior Stone at one hourly rate, and 21 hours of pay from Interior Tile at another hourly rate.
> c.      During this pay period, the Plaintiff  was not paid wages at an overtime premium rate whatsoever.

3

24. During many workweeks, the Plaintiff was furnished with some overtime premiums, but not at a weighted average between his two hourly rates as required by law, for example:

   a.      During the pay period of June 15, 2017 through June 21, 2017, the Plaintiff worked a total of 65 hours for the Defendants.
   b.      During this pay period, the Plaintiff was furnished with 40 hours of pay from Interior Stone at one hourly rate, and 25 hours of pay from Interior Tile at another hourly rate.
   c.      During this pay period, the Plaintiff was paid 1.5 hours at an overtime premium rate, not at the weighted average of the two hourly rates.

25. In January of 2019, the Plaintiff complained about the discrepancies in his pay to Mccarthy.

26. In January of 2019, Mccarthy said to the Plaintiff, "Do you want to keep working here or not?  Then stop complaining, you stupid [expletive]".

27. In January of 2019, in retaliation for asking for his overtime pay, the Plaintiff was terminated by the Company.

28. To date, the Company owes the Plaintiff earned wages, including overtime premiums.

29. Plaintiff's attorney has filed for authorization from the Fair Labor Division of the Mass. Attorney General's Office to commence a private right of action against the Defendant for violations of the Mass. Wage and Hour Law.

## CAUSES OF ACTION

### COUNT 1 – Fair Labor Standards Act, 29 U.S.C. § 207 et seq.

30. The previous paragraphs are re-alleged and incorporated by reference.

31. The Fair Labor Standards Act provides that employers such as the Defendants must compensate employees such as the Plaintiff at a rate of at least time and one half for hours worked over forty in a week.

4

32. The Defendants employed Plaintiff who worked over forty hours per week and willfully failed to pay them overtime, in violation of the FLSA.

**COUNT II – Mass Wage Act, Mass. General Laws. c. 149, §§ 148, 150**

33. The previous paragraphs are re-alleged and incorporated by reference.

34. Mass. General Laws c. 149, § 148, 150, requires employers to pay employees for time worked no later than six days following the end of a pay period in which wages are earned, and employees who are discharged from employment must be paid in full on the day of discharge.

35. The Defendants violated Mass. General Laws c. 149, § 148 by failing to pay the Plaintiff earned overtime wages.

**COUNT III – Mass Overtime Law  c. 151, § 1A**

36. The previous paragraphs are re-alleged and incorporated by reference.

37. Mass. General Laws c. 151, § 1A requires an employer to compensate an employee who works in excess of forty hours a week at a rate of not less than one and one half times his regular hourly rate.

38. The Defendants violated Mass. General Laws  c. 151 and c. 149, § 148 by failing to pay Plaintiff overtime wages.

**COUNT IV- Retaliatory Termination in Violation of M.G.L. c. 149 §148A**

39.     The previous paragraphs are re-alleged and incorporated by reference;

40.     The Plaintiff raised complaints to the Company about the Company's pay practices and the unauthorized use of his name on Company vehicle registration and insurance policies.

41.     In response to his complaints, the Company communicated to the Plaintiff that he was terminated.

42.     In response to his complaints, the Company terminated the Plaintiff's

5

employment in retaliation.


## **REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court:

1. Award the value of wages and other benefits;
2. Award liquidated damages in the form of double or triple the wages and overtime wrongfully withheld, along with attorney's fees pursuant to the FLSA;
3. Award liquidated damages in the form of non-discretionary triple wages and overtime wrongfully withheld, and attorney fees pursuant to Mass. Gen. Law. c. 149, § 150;
4. Award any Other Relief as the Law and Justice requires.


### **PLAINTIFF DEMANDS A TRIAL BY JURY**

|  |  |
|---|---|
| | PLAINTIFF, |
| | By his attorney, |
| Dated: February 14 ,2019 | /s/ Michael J. Bace, Esq. |
| | Michael J. Bace, Esq. (BBO #669948) |
| | BACE LAW GROUP, LLC |
| | PO Box 9316 |
| | Boston, MA 02114 |
| | 508-922-8328 |
| | mjb@bacelaw.com |